IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| GARY WADE WILLIAMS | * | |
| Petitioner, | * | |
| v. | * | 2: 04-CV-450-MHT |
| | | (WO) |
| SANDRA CARTER, *et al*., | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Gary Williams, an inmate incarcerated at the Airway Heights Correction Center in Airway Heights, Washington, filed this application for habeas corpus relief under 28 U.S.C. § 2241.[1]  Both the Alabama Department of Corrections and the Attorney General for the State of Alabama filed answers to the instant petition. (Doc. Nos. 6, 7.)  Williams has filed a response. (Doc. No. 12.)  This case is now ready for disposition. No hearing is necessary.  *See* Rule 8, Fed.R.Civ.Pro.

**I. BACKGROUND**

On November 16, 1982 a jury in the Circuit Court for Madison County, Alabama, convicted Williams on charges of attempted rape and first degree robbery.  Williams committed these crimes on January 30, 1980. On December 20, 1982, the trial court

---

[1]Although Williams is incarcerated in a penal institution located in the State of Washington pursuant to an interstate compact between that State and the State of Alabama, he remains under the custody and control of the Alabama Department of Corrections.

sentenced Williams to a 50-year term of imprisonment on the robbery conviction and a concurrent ten-year term on the attempted rape conviction. Williams committed the offense of murder on March 4, 1981. On June 17, 1983 he was convicted of this crime and sentenced to a term of life imprisonment. (Doc. No. 7, Exhs. A, B.)

## II.  ISSUES

In the instant application for habeas relief, Williams presents the following two issues for review:

   1. The Montgomery County Circuit Court erred when it erroneously and arbitrarily dismissed the petitioner's writ of habeas corpus and failed to cite any authority to support the conclusion.  The Alabama Department of Corrections violated the petitioner's constitutional due process rights and denied him a constitutional **liberty interest** under the 14th amendment when it granted him SGT and IGT good-time credits then subsequently revoked those good-time credits without due process of law.  The petitioner was never given an evidentiary hearing where he was present or represented by counsel. Montgomery County Circuit Court and subsequent courts relied on a false and misleading affidavit supplied by Paul Whaley, Director of Classification for DOC.  The petitioner supplied documents that contradict the affidavit and support the fact that he had received SGT and IGT good-time credits.  The former grant of good-time credits cannot be forfeited without due process of law.  The arbitrary revocation of his good time credits is in violation of the due process clauses and is sufficient to <u>trigger</u> the procedural components of the 5th and 14th amendments; and

   2. The Montgomery County Circuit Court erred when it failed to consider that the petitioner was severely disadvantaged by the retroactive application of the Alabama Department of Corrections in regards to a previous grant of SGT and IGT good-time credits, and that those good-time credits were revoked without due process of law.  By applying new guidelines under Act 446 prohibiting the petitioner from earning good-time, it is evident that this process is a clear violation of the <u>Ex Post Facto</u> Clause; Thus offending U.S. Const., Art., I, § 9, Ch. 3, § 10, C1.1, and violating the petitioner's due process rights under the 5th and 14th amendments.

(Doc. No. 2.)

### III. DISCUSSION

Based on a statute in force at the time Williams committed the crimes for which he was convicted in 1982 (attempted rape and first degree robbery), he earned a deduction from the time he had to serve in prison under a system referred to as "statutory good time" ("SGT") and "incentive good time" ("IGT").[2] The Alabama Legislature, however, repealed the SGT/IGT statutes in 1980 and enacted a new system by which to calculate deductions in inmate sentences; this method is called "correctional incentive time" ("CIT"). *See* Ala.Code § 14-9-41 (1975). However, inmates who had earned SGT and/or IGT continued to have that time computed by the Alabama Department of Corrections ("ADOC") and credited against the applicable sentences. As a result, the robbery conviction on which Williams was sentenced to a fifty-year term was assessed using SGT and IGT. (Doc. No. 6, Exh. Holt Affidavit.)

According to Kathy Holt, the Alabama Department of Corrections Correctional Records Director, Williams received 25 years of SGT on his 50 year sentence. He never lost any statutory good time. Furthermore, on April 19, 1984, Williams was placed into IGT status and was never removed from this earning status. Consequently, Holt maintains that Williams completed service of his 50 year sentence on May 26, 1996 and began serving his

---

[2]These statutes were codified as Ala. Code §§ 14-9-20-25 (1975). These statutes were repealed by the Alabama Correctional Incentive Time Act, Act No. 80-446, 1980 Ala. Acts 690 (May 19, 1980), codified as Ala.. Code §§ 14-9-40-44; they were retained to the extent that they apply to prisoners serving time before May 19, 1980, and to persons who committed offenses prior to May 19, 1980. § 14-9-43.

life sentence on that date. (Doc. No. 6, Holt Affidavit.)

Williams presents nothing to dispute the validity of the documents and records before the court which reflect that his first degree robbery conviction expired in May 1996. Rather, Williams only requests that, if the robbery sentence has indeed expired, the court order the ADOC to issue a final certificate of discharge for the robbery conviction. However, even if the court were inclined to enter such an order, it appears that entry of the order would be cumulative of the verified records filed in this case. (*See* Doc. No. 6, Holt Affidavit.)

"The federal habeas statute gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are '**in custody** in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a)." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Williams filed the instant habeas petition on May 10, 2004. It is undisputed that the sentences imposed for Williams' first degree robbery and attempted rape convictions expired on May 25, 1996. It is, therefore, clear that at the time Williams filed this § 2241 petition in May 2004, he was not "in custody" with respect to these convictions as is required for purposes of a habeas attack on such convictions.[3]

---

[3]The court concludes from its review of the brief filed in support of Williams' habeas petition that Williams is not asserting a challenge to the manner in which his life sentence is being executed. As he points out in his brief:

> The respondent seems to be under the impression that the Petitioner is requesting good-time on his <u>murder</u> conviction. . . . That, however, is not what the Petitioner seeks: The Petitioner simply wants his good-time credit status on his <u>robbery</u> conviction. It is true the Petitioner will have to serve the sentence for his murder conviction. But making him continue to serve an expired

4

In light of the foregoing, the court concludes that Williams' application for habeas corpus relief in which he seeks to challenge the execution of the sentences imposed on his 1982 robbery and attempted rape convictions is due to be dismissed for lack of subject matter jurisdiction as he is not "in custody" on these convictions.[4]  *Maleng,* 490 U.S. at 490.

---

> sentence will affect his classification, prison employment, and future parole consideration.

(Doc. No. 2 at pg. 16 n.2.)

[4]Even if the court could ignore its lack of jurisdiction over Williams' claims, it is clear from the unrefuted evidentiary materials filed herein that the issues he presents for review are moot. Furthermore, with regard to Williams' contention that state courts entered an erroneous ruling on his state habeas petition, a careful review of the documents and records before the court does not support such a contention. Williams alleges that the state courts' denial of his state habeas petition was based on an affidavit submitted by Classification Director Paul Whaley which contained false information purportedly indicating that Williams never received or was never recommended for SGT or IGT credits. From a review of the affidavit in question, the court finds that Mr. Whaley's references to Williams' good time credits and/or his ability to receive such credits do not in any way indicate that either SGT or IGT credits were ever taken away from Williams or that such credits were not applied to those convictions which were eligible for such sentence deductions. It is clear from Mr. Whaley's affidavit that he was aware not only that IGT and SGT apply to crimes committed prior to May 15, 1980, but also that only two of Williams' crimes (the robbery and attempted rape convictions) fell under the old good time laws. Mr. Whaley further stated in his affidavit:

> Inmate Williams, however, was subsequently sentenced to Life for the crime of murder. The murder case is not an old law case and inmate Williams cannot earn IGT for it. Further, the life sentence is the controlling sentence so were he able to achieve IGT on the other two offenses, it would not impact the amount of time this criminal will serve.

(Doc. No. 7, Exh. A at pg. 108.)

Mr. Whaley's comments regarding Williams' ability to achieve IGT status on his 1982 convictions are not tantamount to a declaration that Williams did not, in fact, receive IGT and SGT on these convictions or that they were initially applied to his sentence calculation and then later removed. The undisputed evidentiary material filed herein clearly shows that Williams did receive both IGT and SGT deductions on his 1982 convictions. Further, Mr. Whaley's statements that Williams "is not an appropriate candidate for IGT" and that he was not aware of any recommendation that Williams be recommended for IGT are no more than reflections of his opinions and beliefs. The records of the Alabama Department of Corrections affirmatively show that both SGT and IGT credits were applied to Williams' 50-year sentence and that that sentence expired in May 1996. Williams is currently serving his life sentence for murder and, as Mr. Whaley correctly pointed out, this sentence prohibits Williams from earning any correctional incentive time. *See* Ala. Code § 14-9-41(e) ( "no person may receive the benefits of correctional incentive time if he . . . has received

5

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant petition for habeas corpus relief be DISMISSED with prejudice as this court lacks jurisdiction to consider Petitioner's claims for relief.

It is further

ORDERED that on or before July 18, 2006 the parties shall file any objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

---

a sentence for 10 years or more in the state penitentiary . . .").  (*Id*. at pg. 107.)

DONE, this 5th day of July, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE