IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| GARY WADE WILLIAMS, #938038 | * | |
| Petitioner, | * | |
| v. | * | 2:04-CV-450-MHT |
| | | (WO) |
| SANDRA CARTER, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

On July 28, 2006 Petitioner filed objections to the Recommendation of the Magistrate Judge entered on July 5, 2006. After careful review of the objections, the court concludes that these should be construed to contain a motion to amend the petition, as Petitioner seeks to present matters not previously raised in the original petition.

In his original petition, Petitioner sought to challenge a state court's decision to deny his state application for habeas relief with regard to an alleged revocation of good time credits on the conviction for first degree robbery entered against him on December 20, 1982.[1] Based on documents and records submitted by Respondents, the court concluded that: (1) there was no merit to Petitioner's allegation that good time credits on his robbery conviction had been improperly revoked; (2) he had, in fact, received all the good time credits to which

---

[1] Petitioner was also convicted of first degree attempted rape on this date. The court directed that the sentence for that conviction would run concurrently with the first degree robbery conviction.

he was entitled under Alabama law; and (3) Petitioner's robbery conviction expired in May 1996. Therefore, the court further concluded that it lacked jurisdiction over Petitioner's challenge to the execution of the sentence imposed on his 1982 robbery conviction because he was no longer "in custody" under that conviction. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989).

In his objections, Petitioner complains that Kathy Holt, Director of the Alabama Department of Corrections, "has failed to taken any corrective measures in updating any **clerical omission** of the fact that Petitioner has completed serving his 50 year sentence." (Doc. No. 16 at 5) (emphasis in original). Petitioner further contends, and provides documentation in support of his contention, that correctional officials with the Washington Department of Corrections consider him currently confined not only under his life sentence for murder[2] but also under the 50 year sentence for robbery, which they consider an active sentence. (*Id*. at Exh. 1 and Attachment A.)

Petitioner's allegation regarding the validity of the basis for his current commitment as maintained in the records of the Washington Department of Corrections differs substantially from the matters about which he complained in his original petition. As the court understands it, the issue Petitioner now seeks to pursue is that his current custodians are relying on false information for purposes of classification, prison employment, and future parole. It is clear that the Alabama Department of Corrections is aware that Petitioner's

---

[2] Petitioner committed the offense of murder on March 4, 1981. On June 17, 1983 he was convicted of this crime and sentenced to a term of life imprisonment. (*See* Doc. No. 7, Exhs. A, B.)

sentence on the robbery conviction is expired. (*See* Doc. No. 6, Holt Affidavit.) Consequently, resolution of the issue Petitioner now seeks to present lies, if it lies anywhere at all, with correctional officials at the Washington Department of Corrections.

In light of the foregoing, it is

ORDERED that the motion to amend (Doc. No. 16) be and is hereby DENIED.[3]

It is further

ORDERED that on or before August 17, 2006, Albert Butler, Counsel for Respondents, shall provide to the appropriate prison officials at both the Washington Department of Corrections and the Airway Heights Correction Center in Airway Heights, Washington, any and all relevant records, documentation, and/or other pertinent material which reflects the sentence(s) Petitioner is currently serving. Such documentation should also include a history of Petitioner's incarceration, including the sentence (s) he was serving when he was transferred to the custody of the Washington State Department of Corrections in February of 1988 and the date(s) on which any of said sentences expired. Counsel for Respondents is directed to file with the court a copy of all correspondence, materials, records, *etc*., provided to prison officials in compliance with this order.

DONE, this 4th day of August, 2006.

/s/ Susan Russ Walker

---

[3] Petitioner is free, of course, to file a civil action in the United States District Court for the Eastern District of Washington challenging the allegedly false information contained in the prison file maintained at the institution in which he is currently incarcerated with respect to the basis for his current commitment.

/s/ SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE