IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| GARY WADE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v.  ) | 2:04cv450-MHT |
| ) | (WO) |
| SANDRA CARTER, ) | |
| superintendent, and ) | |
| TROY KING, Attorney ) | |
| General of the State of ) | |
| Alabama, ) | |
| ) | |
| Respondents. ) | |

OPINION

Pursuant to 28 U.S.C. § 2241, petitioner Gary Wade Williams, a state inmate, filed this lawsuit seeking habeas relief.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that Williams's writ petition be denied.  Also before the court are Williams's objections to the recommendation. After an independent and de novo review of the record, the court concludes that Williams's objections should be

overruled and the magistrate judge's recommendation adopted, albeit with modifications.

I.

Williams challenges a state-court decision that found no merit to his contention that his due-process rights were violated because of an alleged revocation of good-time credits on his 1982 conviction for first-degree robbery.[1] The recommendation in this case concluded that this court lacks jurisdiction to entertain Williams's habeas-corpus application because the evidence submitted at the time of the recommendation reflected that, when Williams filed this case, he was not "in custody" with respect to the conviction and sentence he sought to challenge. Maleng v. Cook, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States

---

1. The state trial court sentenced Williams to a 50-year prison term on this conviction. In addition to the robbery conviction, a jury also found Williams guilty of attempted rape. The trial court imposed a concurrent ten-year sentence for this conviction.

2

District Courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3) (emphasis added).").

The information before the magistrate judge indicated that, because he earned a deduction from the time he had to serve in prison under a system referred to as "statutory good time" (SGT) and "incentive good time" (IGT), he completed service of his 50-year sentence in May 1996.[2] Although the Alabama Legislature repealed the SGT and IGT statutes in 1980, inmates, such as Williams who had been in SGT or IGT status, continued to have that time computed by the Alabama Department of Corrections and credited against their applicable sentences.[3]

---

2. The SGT and IGT statutes were codified as 1975 Ala. Code §§ 14-9-20 through -25.

3. The SGT and IGT statutes were repealed by the Alabama Correctional Incentive Time Act, Act No. 80-446, 1980 Ala. Acts 690 (May 19, 1980), codified as 1975 Ala. Code §§ 14-9-40 through -44; they were retained to the
(continued...)

In concluding that Williams was not in custody on his 50-year sentence when he filed this case, the magistrate judge relied on the verified affidavit of Correctional Records Director Kathy Holt. Holt's affidavit reflected that Williams received 25 years of SGT on his 50-year sentence and never lost any statutory good time. The affidavit further indicated that Williams was placed in IGT status on April 19, 1984, and was never removed from this earning status. Taking these good-time credits into account, Holt's computation of Williams's sentence showed that he completed service of his 50-year sentence on May 26, 1996 and began serving another sentence, one for life, on that date.[4]

---

3. (...continued)
extent that they apply to prisoners serving time before May 19, 1980, and to persons who committed offenses prior to May 19, 1980. 1975 Ala. Code § 14-9-43.

4. Williams is currently serving a life sentence for murder. He was convicted of this crime on June 17, 1983. The state trial court directed that Williams's murder sentence run consecutive to any other sentence he was serving at the time.

After entry of the magistrate judge's recommendation, Williams objected to it.  Holt also reconsidered the basis for his current incarceration and submitted a new affidavit that showed that the 50-year sentence imposed on Williams for his 1982 conviction did <u>not</u>, in fact, expire in May 1996, but rather expired on June 11, 2006.

This revised calculation stems from Holt's correction of her previous statement that Williams was never removed from IGT earning status.  She now affirms that Williams was, in fact, removed from IGT earning status on May 8, 1985, as a result of receiving a major disciplinary.  Based on her calculation of the amount of good-time credits applicable to Williams's sentence, including IGT credits of one year and 19 day that accumulated before Williams's removal from this earning status in May 1985, Holt affirms that Williams completed service of his 50-year sentence on June 11, 2006, and service of his life sentence began on that date.

5

After receiving Holt's new affidavit, the court gave Williams an opportunity to respond to it, but Williams filed nothing. The new affidavit therefore stands un-refuted.

II.

It is now clear that, at the time Williams filed his § 2241 habeas petition in May 2004, he was, in fact, "in custody" with respect to the 1982 first-degree robbery conviction, as is required. <u>Maleng</u>, 490 U.S. at 490. It is also clear, however, that his petition is now moot.

Courts do not sit to render advisory opinions, <u>North Carolina v. Rice</u>, 404 U. S. 244, 246 (1971); an actual controversy must exist at all times when the case is pending. <u>Steffel v. Thompson</u>, 415 U. S. 452, 459 n.10 (1974). In a case such as this brought under § 2241 challenging the execution of petitioner's sentence and not the validity of his conviction or sentence, the expiration of the sentence will render the case moot

where the petitioner faces no collateral consequences. Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (requiring a petitioner to affirmatively allege and demonstrate collateral consequences.); North Carolina v. Rice, 404 U.S. 244, 248 (1971) ("Nullification of a conviction may have important benefits for a defendant ... but urging in a habeas corpus proceeding the correction of a sentence already served is another matter.").

Williams's ultimate objective in filing his § 2241 action was restoration of allegedly improperly revoked good-conduct credits. Because the sentence for which he seeks restoration has expired, the court can no longer provide him with the relief he seeks. See, e.g., United States ex rel. Graham v. United States Parole Comm'n, 732 F2d 849, 850 (11th Cir. 1984) (§ 2241 challenge to parole

regulation mooted by release on parole as a favorable decision would not entitle peitioner to any additional relief); <u>Vandenberg v. Rodgers</u>, 801 F.2d 377, 378 (10th Cir. 1986) (habeas petition challenging determinations that delayed parole moot after petitioner released on parole).

Based on the foregoing, this court holds that because there is no longer a case or controversy to litigate, Williams's habeas petition must be denied as moot.

An appropriate judgment will be entered.

DONE, this the 15th day of September, 2006.

        <u>  /s/ Myron H. Thompson  </u>
        UNITED STATES DISTRICT JUDGE