IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| GARY WADE WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 2:04cv450-MHT |
| | ) (WO) |
| SANDRA CARTER, | ) |
| superintendent, and | ) |
| TROY KING, Attorney | ) |
| General of the State of | ) |
| Alabama, | ) |
| | ) |
| Respondents. | ) |

ORDER

On September 15, 2006, this court entered an opinion and judgment holding that petitioner Gary Wayne Williams's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is moot because the 50-year-robbery sentence for which Williams seeks restoration of good-time credits has expired. <u>William v. Carter</u>, ____F.Supp.2d ____, 2006 WL 2661164 (M.D. Ala. 2006). This holding was based on an affidavit submitted by Alabama Correctional Records Director Kathy Holt

stating that Williams's sentence expired on June 11, 2006. Williams failed to refute the affidavit within the time allowed by the court.

However, on September 21, 2006, Williams filed an objection refuting Holt's affidavit. While the objection comes after the opinion and judgment, the court can, and now does, consider the objection on the merits by treating it as a timely motion for reconsideration. In this reconsideration motion, Williams contends that his 50-year-robbery sentence expired on May 26, 1996, rather than June 11, 2006. Williams's reconsideration motion is without merit because, even if his sentence expired on May 26, 1996, as he contends, his habeas petition is still moot. In other words, whether his sentence expired on May 26, 1996, or June 11, 2006, the result is the same: his petition is moot.

Accordingly, it is ORDERED as follows:

(1) Petitioner Gary Wayne Williams's objection (doc. no. 26) is treated as a motion for reconsideration.

(2) Petitioner Williams's motion for reconsideration (doc. no. 26) is denied on the merits.

DONE, this the 27th day of September, 2006.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE