IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| GARY WADE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:04cv450-MHT |
| | ) | (WO) |
| SANDRA CARTER, | ) | |
| superintendent, and | ) | |
| TROY KING, Attorney | ) | |
| General of the State of | ) | |
| Alabama, | ) | |
| | ) | |
| Respondents. | ) | |

OPINION AND ORDER

It is ORDERED that petitioner Gary Wade Williams's motion for relief from judgment and motion to transfer (Doc. Nos. 30 and 31) are denied.

Previously, this court adopted, with modifications, the report of the magistrate judge that Williams's habeas petition seeking restoration of allegedly improperly revoked good-time credits was mooted when his sentence expired while his petition was pending. <u>Williams v. Carter</u>, 450 F.Supp.2d 1297 (M.D. Ala. 2006). Williams

has now asked this court to dismiss and alternatively to transfer his case to the United States District Court for the Western District of Washington because he is currently being held in a Washington state prison. He brings his motions pursuant to Federal Rule of Civil Procedure 60(b)(6).

Relief under Rule 60(b)(6) is available under only "extraordinary circumstances." Gonzalez v. Crosby, 545 U.S. 524, ___, 125 S. Ct. 2641, 2649 (2005). Such circumstances include a finding that the district court lacked subject-matter jurisdiction over the case. Id. at 2649. This case does not present such a situation.

Williams cites Padilla v. Rumsfeld for the general rule that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." 542 U.S. 426, 443 (2004); but see Carballo v. LaManna, No. 8:05-3576-GRA-BHH, 2006 WL 3230761 (D. S.C. Nov. 6, 2006) (where the State of Florida contracted with the Federal Bureau of Prisons in South Carolina to board a Florida inmate,

2

jurisdiction was proper in the State of Florida). However, the term "jurisdiction" within the context of this case does not refer to subject-matter jurisdiction. Id. at 451 (O'Connor, J., concurring) (the rules governing the proper court in which a habeas petition should be brought "are not jurisdictional in the sense of a limitation on subject-matter jurisdiction").

Additionally, the respondents have essentially waived their objection to this court's jurisdiction over the case. See id. at 452 ("Because the immediate-custodian and territorial-jurisdiction rules are like personal jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the government."). This court has already ruled on Williams's habeas petition without any objections on territorial jurisdiction from the respondents. As such, Williams is not the proper party to raise this issue, and territorial jurisdiction in this case is proper.

DONE, this the 4th day of December, 2006.

                                      /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE